■ MARTHA HYMAN, as Administratrix of the Estate of JAMES L. HYMAN, Deceased, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County, entered on February 27, 1976, unanimously affirmed for the reasons stated by Fraiman, J., at Trial Term, without costs and without disbursements. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.

■ ROSE UDOFF, on Behalf of Herself as a Shareholder of BABCOCK AND WILCOX COMPANY, and on Behalf of All Others Similarly Situated, Respondent-Appellant, v GEORGE C. ZIPF et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered November 9, 1976, unanimously modified, on the law, to reverse that portion denying defendants-appellants' motion for summary judgment dismissing the complaint and to grant that motion to the extent of dismissing the complaint and severing the action as to them, and otherwise affirmed, without costs and without disbursements. This derivative stockholders' action rests upon a claim by a stockholder that the directors improperly reduced the exercise price of certain extant stock options which had been granted to officers and employees. Acting in accordance with and by authority of the option plan itself, the directors properly exercised responsible business judgment to reduce the exercise price to the then market price, which was lower. To have done otherwise would have rendered the plan useless. The applicable New Jersey Business Corporation Act, similar to our section 717 of the Business Corporation Law, was not violated by this change, not of the plan, but of the price, as specifically authorized. Neither favoritism to any particular person nor detriment to the corporation was demonstrated. Concur—Murphy, P. J., Lupiano, Evans, Capozzoli and Markewich, JJ.

## (June 16, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO DIAZ, Appellant.—Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County, rendered June 7, 1974, of conviction, upon a jury verdict, of criminal possession of a dangerous drug (fourth degree), unanimously affirmed, and the case is remitted to the Criminal Term, Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). This court reversed the conviction and granted a motion to suppress evidence and dismiss the indictment (50 AD2d 526). The Court of Appeals reversed and remitted for our consideration of the facts and further proceedings in accordance with its memorandum (41 NY2d 876). Under the circumstances, we see no reason to interfere with the determination and sentence previously imposed. Concur—Murphy, P. J., Kupferman, Capozzoli and Markewich, JJ.